William CONNOR, Petitioner— Appellant,

v.

Noland P. ESPINDA, Administrator, Halawa Correctional Facility, Respondent—Appellee.

No. 02–15208.

D.C. No. CV–00–00499–DAE/BMK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 13, 2003.

Earle A. Partington, Honolulu, HI, for Petitioner–Appellant.

Donn Fudo, Prosecuting Attorney's Office, Honolulu, HI, for Respondent–Appellee.

---

Before REINHARDT, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM *

William Connor appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

We review a district court's decision to deny a 28 U.S.C. § 2254 habeas petition *de novo. Alcala v. Woodford,* 334 F.3d 862, 868 (9th Cir.2003). To be entitled to relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), a federal habeas petitioner must demonstrate that the state court's adjudication of the merits resulted in a decision that was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts. *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1172–73, 155 L.Ed.2d 144 (2003). Under AEDPA, state court findings of fact are to be presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S.C. 2254(e)(1); *Davis v. Woodford,* 333 F.3d 982, 991 (9th Cir.2003).

### I

Connor claims that he was denied his Sixth Amendment right to effective assistance of counsel because his state trial counsel failed to retain a forensic psychologist or psychiatrist other than the ones appointed by the state court to examine Connor's fitness to stand trial. Under the familiar standards established by *Strick-*

*land v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the petitioner must demonstrate both that counsel's performance was deficient, and that the deficient performance prejudiced the defense.

To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. In assessing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The district court held that, when viewed as a whole, "the trial counsel's assistance to [Connor] was well within the range of competence demanded of attorneys in criminal cases" and thus denied Connor's petition. Upon examination of the state trial record, we agree. Although petitioner has made an effective argument about other measures trial counsel could have taken, including the retention of an independent psychologist to assist in preparing trial examination, we cannot say that the performance of trial counsel was constitutionally inadequate. Given that two of the doctors on the court-appointed fitness panel had concluded that "Connor was substantively impaired both cognitively and volitionally at the time of the offense," we cannot say that counsel's decision to rely on their testimony alone was objectively unreasonable, nor can we say that it was objectively unreasonable not to retain a separate expert consultant to assist in the preparation of the panel doctors' testimony.

### II

Under the circumstances presented by this case, the district court did not err in

---

declining to hold an evidentiary hearing. Under AEDPA, an evidentiary hearing is not required if the issues can be resolved by reference to the state court record. *Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir.1998). In this case, the state court record includes extensive hearings related to Connor's ineffective assistance of counsel claims. Thus, we agree with the district court that the state court record provided sufficient evidence on which the magistrate judge could determine the merits of the ineffective assistance claim. Accordingly, the district court did not abuse its discretion in denying an evidentiary hearing.

**AFFIRMED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.